(Pleito No. 38.—Fallado el 9 de Abril de 1900.)

## BANCO contra GRAHAM.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

RECURSO CONTRA RESOLUCIONES. Sólo habrá lugar al recurso de casación contra las sentencias definitivas, ó contra las que, teniendo ese concepto, ponen término al pleito haciendo imposible su continuación. Y serán improcedentes aquellos recursos interpuestos contra resoluciones ó autos que no ponen fin á dicho pleito.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á nueve de Abril de mil novecientos, en los autos promovidos en el Tribunal del Distrito de San Juan por Don Roberto Graham y Fraser, Ingeniero, vecino de Ponce, con el Banco Territorial y Agrícola, establecido en esta Capital, y Don José R. Carazo y Carreras, propietario, vecino de Bayamón, sobre tercería de dominio, pendientes ante Nos en virtud de recurso de casación, por infracción de ley, interpuesto por el Banco, representado y dirigido por el Letrado Don Juan de Guzmán Benítez, habiendo llevado la representación y

defensa de Graham el Letrado Don Herminio Díaz Navarro, sin que haya comparecido la otra parte recurrida.—Resultando: Que por escritura pública otorgada en veinte y dos de Junio de mil ochocientos. noventa y seis, é inscrita en el Registro de la Propiedad en dos de Julio siguiente, Don José R. Carazo y Carreras confesó haber recibido del Banco Territorial y Agrícola, de esta Ciudad, en cancepto de préstamo, á pagar en diez años por semestres, con el interés anual de nueve por ciento, la cantidad de diez y seis mil pesos provinciales, que con los intereses acumulados, deducidos los correspondientes al primer semestre ya satisfechos, daba un total de veinte y cuatro mil doscientos once pesos veinte centavos, que satisfaría Carazo en veinte semestres, ascendentes los diez y nueve primeros á mil doscientos cuarenta y seis pesos cincuenta y seis centavos cada uno, pagaderos en los días quince de Diciembre del expresado año, quince de Junio y quince de Diciembre de los años sucesivos de mil ochocientos noventa y siete al mil novecientos cinco inclusive, y el último, · de quinientos veinte y seis pesos cincuenta y seis centavos en quince de Junio de mil novecientos seis, con la condición de que vencidos dos plazos ·semestrales, sin verificarse el pago correspondiente, al primer requerimento se consideraría vencida toda la deuda pendiente, habiendo hipotecado Carazo á la seguridad del ·capital é intereses acumulados y de la cantidad de quinientos pesos por nuevos réditos en caso de mora, y de mil quinientos pesos más por costas y otros conceptos, la hacienda de cañas dulces de su propiedad, nombrada "Carmen" radicada en el término municipal de Bayamón, con todas sus pertenencias y cuantas más pudieran incorporársele en lo sucesivo.— Resultando: Que el Banco Territorial y Agrícola, en escrito presentado al Juzgado de Vega-Baja el once de Julio de mil ochocientos noventa y ocho, promovió contra Don José R. Carazo el procedimiento que determinan los artículos 128 de la Ley Hipotecaria y 168 de su Reglamento, para el cobro

de la cantidad de diez y seis mil cuatrocientos diez pesos diez centavos, procedente del préstamo hipotecario á que se refiere la escritura anteriormente mencionada, procedimiento que hubo de quedar en suspenso á virtud de la Orden General de diez y nueve de Enero de mil ochocientos noventa y nueve, preceptiva de que no pudieran hacerse efectivos los créditos hipotecarios contra fincas agrícolas durante un año, beneficio no aplicable á los deudores que no pagaran en lo sucesivo el interés convenido, siempre que no excediera del doce por ciento.—Resultando: Que con sujeción á lo dispuesto en la expresada Orden General y en la de treinta y uno del mismo mes, formuló el Banco Territorial y Agrícola en siete de Septiembre del año próximo pasado demanda ejecutiva contra Don José R. Carazo por la cantidad de mil cuatrocientos veinte y siete pesos setenta y ocho centavos, que éste le adeudaba en concepto de intereses vencidos hasta el siete de Julio del año anterior, con más trescientos pesos por intereses que se devengaran al mismo tipo del nueve por ciento hasta el día del pago, é importe de las renovaciones del seguro de los establecimientos de la hacienda "Carmen" que en defecto de Carazo pagase el Banco, y además cuatrocientos pesos para costas; y despachada la ejecución, y seguidos los trámites legales, se dictó sentencia de remate en catorce de Octubre siguiente, que fué consentida, entrándose en la vía de apremio.—Resultando: Que en curso el procedimiento de apremio, con fecha dos de Enero último Don Roberto Graham y Fraser formuló demanda de tercería de dominio para que se declarara ser de su propiedad varias maquinarias embargadas, que con posterioridad á la constitución de la hipoteca á favor del Banco por Don José R. Carazo, había éste comprado á Graham, instalándolas en la hacienda "Carmen;" habiendo acompañado á dicha demanda copia de escritura pública, no inscrita en el Registro de la Propiedad, otorgada entre Carazo y Graham en treinta y uno de Mayo de mil ochocientos noventa y siete, en la que ambos hacen constar haber comprado el primero al

segundo dichas maquinarias por precio de dos mil tres-cientas setenta y cinco libras esterlinas, de las que aun estaba adeudando Carazo mil trescientas veinte y cinco, vencidas en el día del otorgamiento de la escritura, y cuyo pago se prorrogaba para el treinta y uno de Mayo de mil ochocientos noventa y ocho con interés del doce por ciento anual, reservándose Graham el dominio absoluto y pleno sobre las maquinarias hasta el pago de la deuda, y pudiendo incautarse de ellas, desmontándolas y extrayéndolas de la hacienda "Carmen" en que estaban instaladas, con todos los gastos á cargo de Carazo, como también se acompañó á la demanda copia de la sentencia dictada por el Juzgado de Vega-Baja á veinte de Junio de mil ochocientos noventa y nueve en pleito seguido por Don Roberto Graham con Don José R. Carazo y Don Narciso Vall Lloveras, como depo-sitario de los bienes ocupados en juicio de concurso de acreedores de Carazo, en cuya sentencia se declara con lugar la demanda de Graham, y se ordena se excluyan de la ocupación y depósito de bienes las maquinarias de que se trata, autorizando á Graham para desmontarlas é incautarse de las mismas.—Resultando: Que por auto de cuatro de Enero citado se admitió la demanda de tercería de dominio establecida por Graham, y se ordenó la suspensión del procedimiento de apremio con relación á las maquinarias á que hacía referencia, y contra esa resolución ejercitó el Banco Territorial y Agrícola recurso de reposición, en el sentido de que se rechazara dicha demanda, y si á ello no hubiere lugar, se declarara que la tercería no suspendía el juicio ejecutivo que el Banco seguía contra Carazo, habién-dose dictado auto en treinta de Enero por el que se desestimó la reposición solicitada.—Resultando: Que contra ese auto interpuso el Banco Territorial y Agrícola recurso de casación, por infracción de ley, fundado en el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando las disposi-ciones legales que estima infringidas, cuyo recurso ha impugnado la representación de Don Roberto Graham,

entre otras razones, por conceptuarlo inadmisible.—Visto, siendo Ponente el Juez Asociado Don José C. Hernández. —Considerando : Que con arreglo á lo prescrito en los artículos 1,687, número 1º, y 1,688, número 1º también, de la Ley de Enjuiciamiento Civil, no derogados ni modificados por la regla 78 de la Orden General número 118, según así se declaró ya por este Tribunal en sentencia de quince de Enero último, habrá lugar al recurso de casación contra las sentencias definitivas y contra las que tengan ese concepto, porque recayendo sobre un incidente ó artículo pongan término al pleito, haciendo imposible su continuación.—Considerando : Que el auto recurrido, en cuanto admite demanda de tercería de dominio interpuesta por Don Roberto Graham al juicio ejecutivo seguido por el Banco Territorial y Agrícola contra Don José R. Carazo, no puede reputarse sentencia definitiva, con arreglo á las disposiciones legales anteriormente citadas, pues sólo entraña una resolución de carácter procesal, que lejos de poner término al pleito en que se ha dictado, ordena su continuación.—Considerando : Que el auto expresado, en la parte relativa á que se suspenda el procedimiento de apremio respecto de los bienes á que se contrae la demanda de tercería, en el juicio ejecutivo de referencia, tampoco merece el concepto de sentencia definitiva, revistiendo sólo carácter suspensivo que lejos de poner término al juicio ejecutivo, demora solamente su curso en cuanto á aquellos bienes ínterin se tramita y decide el de tercería.—Considerando, por tanto : Que sean cuales fueren las infracciones legales que pueda entrañar el auto recurrido, no cabe discutirlos en casación, ni resolverlos en el fondo.—Fallamos : Que debemos declarar y declaramos no haber lugar á resolver el recurso de casación interpuesto por el Banco Territorial y Agrícola, al que condenamos en las costas ; y líbrese al Tribunal del Distrito de San Juan la correspondiente certificación acompañada de los autos que ha remitido.—Así por esta nuestra sentencia, que se

publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia y voto particular por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á nueve de Abril de mil novecientos.—E. de J. López Gaztambide.